UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re                                                                                    CHAPTER 11

CHIA-HUNG CHU a/k/a AUSTIN CHU
a/k/a CHIAHUNG CHU a/k/a CHIA HUNG
CHU,                                                                                  CASE NO.: 24-22574-shl

Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**SMALL BUSINESS SUB-CHAPTER V PLAN OF REORGANIZATION**

**ARTICLE I**
**DEFINITIONS**

Unless the context requires, the following capitalized terms shall have the following meanings ascribed to them in this Plan. Any term used in the Plan that is not defined herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to it therein. Where the context requires, any definition applies to the plural as well as the singular number.

1.1    "**Administrative Claim**" means a claim for, or request for payment of, an Administrative Expense (i) as to which no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, and (ii) as to which any objection has been resolved by a Final Order to the extent such objection has been resolved in favor of the holder of such claim.

1.2    "**Administrative Expense**" means any cost or expense of administration of this case, other than Bankruptcy Fees, allowable under sections 503(b) or 330 of the Bankruptcy Code.

1

1.3     **"Adversary Processing"** means the adversary proceeding pending against the Debtor entitled *Wang et al v. Leo Chuliya Ltd.* bearing case Number: 24-07023-shl wherein Wang, Zhang and Troy Law seek, *inter alia*, a declaration that the Debtor's obligations to them are non-dischargeable.

1.4     **"Allowed"** means a claim against or interest in the Debtor that has not been disallowed pursuant to a Final Order and is not a disputed claim and (i) with respect to which a Proof of Claim has been timely filed with the Clerk of the Bankruptcy Court or, (ii) if no Proof of Claim has been filed, that has been or hereafter is listed by the Debtor in the Schedules as liquidated in amount and not disputed or contingent.

1.5     **"Bankruptcy Court"** means the bankruptcy court presiding over the Debtor's Chapter 11 case.

1.6     **"BOA"** means Bank of America, which holds a lien on the Debtor's 2023 Hyundai Ioniq 5.

1.7     **"Bar Date"** means any date set by Order of the Bankruptcy Court subsequent to which a Proof of Claim or Proof of Interest is not timely filed. The Bar Date for unsecured claims was August 16, 2024.

1.8     **"Claim"** means a claim as defined in section 101 (5) of the Bankruptcy Code.

1.9     **"Class"** means a category of substantially similar Allowed Claims as established pursuant to Article 3 of the Plan.

1.10    **"Confirmation"** means the entry of the Confirmation Order.

1.11    **"Confirmation Date"** means the date on which the Confirmation Order is entered by the Bankruptcy Court and becomes a Final Order.

1.12    **"Confirmation Order"** means an Order confirming the Plan pursuant to

Section 1129 of the Bankruptcy Code in form and substance reasonably satisfactory to the Debtor.

    1.13    "**Debtor**" means Chia-Hung Chu a/k/a Chiahung Chu a/k/a Chia Hung Chu.

    1.14    "**Disbursing Agent**" means any entity designated in the Confirmation Order to make distribution in accordance with the terms of the Plan.

    1.15    "**Disposable Income**" means the amount remaining after ordinary ad reasonable expenses are deducted from net income.

    1.16    "**Dumpling Plus**" shall mean Dumpling Plus Corp. an entity in which the Debtor holds a 50% interest.

    1.17    "**Effective Date**" means the first business day after the Confirmation Date and the other conditions to the Effective Date set forth herein have occurred.

    1.18    "**Estate**" means the estate created on the Petition Date pursuant to section 541 of the Bankruptcy Code.

    1.19    "**Executory Contract**" means an executory contract within the meaning of section 365 of the Bankruptcy Code and includes leases to which the Debtor is a party.

    1.20    "**Exempt Assets**" mean the Debtor's Property that is exempt from creditors under 11 U.S.C. §522.

    1.21    "**Final Order**" means a judgment, order, ruling or other decree issued and entered by the Bankruptcy Court or by any state or other federal court or other tribunal located in one of the states, territories or possessions of the United States or the District of Columbia, that has not been stayed or that is no longer subject to appeal, *certiorari* proceeding or other proceeding for review or rehearing, and as to which no appeal,

*certiorari* proceeding, or other proceeding for review or rehearing shall then be pending.

1.22    **"FLSA Action"** means the lawsuit entitled *Bing and Zhang v. Leo Chuliya et al.* and assigned number 20-cv-10395 pending in the United States District Court for the Southern District of New York.

1.23    **"FLSA Creditors"** means Bin Wang, Yan Qiu Zhang and Troy Law PLLC which commenced proceedings against the Debtor under the Fair Labors Standard Act.

1.24    **"Hyundai"** means the 2023 Hyundai Ioniq.

1.25    **"IRC Action"** means the lawsuit *Wang v. Leo Chuliya et al* and assigned number 23-cv-02463 pending in the United States District Court for the Southern District of New York.

1.26    **"Leo Chuliya"** means Leo Chuliya, Ltd a/k/a Fantasy Cuisine Co, the Debtor's business and a Ch. 11 debtor with this Court.

1.27    **"Lien"** has the meaning set forth in Section 101(37) of the Bankruptcy Code.

1.28    **"Pandemic"** means the COVID-19 global pandemic.

1.29    **"Petition Date"** means June 27, 2024, the date on which this case was commenced by the filing of a voluntary petition for relief under Sub-Chapter V of Chapter 11 of the Bankruptcy Code by the Debtor.

1.30    **"Plan Fund"** are the funds paid by the Debtor to be distributed to Holders of Allowed Claims under the Plan.

1.31    **Professional"** means all professionals employed by the Debtor under section 327 of the Bankruptcy Code pursuant to a Final Order.

1.32    **"Professional Fees"** means compensation for services rendered, and

4

reimbursement of expenses incurred, by Professionals, as awarded by Final Order following application, in accordance with section 330 of the Bankruptcy Code.

1.33 "**Proof of Claim**" means a proof of Claim filed pursuant to section 501 of the Bankruptcy Code and Part III of the Bankruptcy Rules.

1.34 "**Property**" means the assets of the Debtor, as listed on Schedules A/B of the Petition, or otherwise noted in this Plan.

1.35 "**Pro Rata**" means the proportion an Allowed Claim in a particular Class bears to the aggregate amount of all Allowed Claims in such Class.

1.36 "**Schedules**" mean the schedules of assets and liabilities and the filed by the Debtor with the Bankruptcy Court in accordance with section 521(1) of the Bankruptcy Code and Rule 1007 of the Bankruptcy Rules and any amendments thereto.

1.37 "**Secured Claim**" means a claim that is secured by a lien on property which the Estate has an interest or had an interest subject to setoff under Section 553 of the Bankruptcy Code.

1.38 "**Troy Law**" means Troy Law PLLC.

1.39 "**Trustee**" is and refers to the Sub-Chapter V Trustee, Nat Wasserstein.

1.40 "**Unsecured Claim**" means a Claim, that is not an Administrative Claim or a Priority Claim.

1.41 "**Unexpired Lease**" means an unexpired lease within the meaning of Section 365 of the Bankruptcy Code.

1.42 "**Wang**" means Bin Wang, a former employee of the Debtor's business and a Plaintiff in the Adversary Proceeding, the IRC Action and the FLSA Action.

5

1.43 "**Zhang**" means Yan Qiu Zhang, a former employee of the Debtor's business and a Plaintiff in the Adversary Proceeding, the IRC Action and the FLSA Action.

## ARTICLE II

## BACKGROUND

On June 27, 2024, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor elected to be treated as a Small Business under Sub-Chapter V.

The Debtor is a restauranteur who holds a 50% ownership interest in Leo Chuliya, a restaurant specializing in Szechuan cuisine which he manages. Leo Chuliya is also a debtor before this Court in a Chapter 11 Small Business Sub Chapter V case assigned case number 24-22563. The Debtor also holds a 50% interest in Dumpling Plus, a restaurant managed by his non-debtor spouse.

The Debtor's current financial predicament is the result of a lawsuit commenced by Wang and Zhang, two former employees of Leo Chuliya, for, among other things, violations of the Fair Labor Standards Act.

The Debtor's creditors consist almost exclusively of the FLSA Creditors. Other than the FLSA creditors, the Debtor's creditors include BOA which holds a lien on a 2023 Hyundai Elantra (the "Hyundai").

### THE DEBTOR'S ASSETS, INCOME AND EXPENSES

The Debtor's Property is limited to his business interests. A liquidation analysis is annexed hereto as Exhibit A. The Debtor, who is of Taiwanese heritage, does not own real property. Rather, he and his spouse reside in her childhood home with their two children consistent with Taiwanese custom.

As noted, the Debtor's liabilities consist primarily of liabilities associated with the FLSA Creditors. A Claims register is annexed hereto as Exhibit B.

The Debtor's household income consists of approximately $12,000.00 comprised of his salary from Leo Chuliya as reflected on his pay stubs and his wife's salary from Dumpling Plus. The Debtor's income has remained fairly consistent. The Debtor's household expenses consist of usual and ordinary expenses. The Debtor and his family have engaged in "belt tightening" and have made efforts to keep expenses to a minimum which is challenging given rising costs. A monthly budget, as contained in Schedules I and J of the Debtor's Chapter 11 filing, is annexed hereto as Exhibit C.

The Debtor does not project any significant deviations from the current budget. Projections are annexed hereto as Exhibit D.

The Debtor's Disposable Income is limited. However, when his household income and expenses are considered, his monthly Disposable Income is estimated to total approximately $500.00 which he will devote to the Plan.

## LIQUIDATION ANALYSIS

To confirm the Plan, the Bankruptcy Court must find that all holders of Allowed Claims will receive at least as much under the Plan as they would receive in a Chapter 7 liquidation. The Debtor's Schedules on file with the Bankruptcy Court list the Debtor's Property, which would be subject to liquidation in a Chapter 7. The Debtor has claimed a Federal "Wildcard" exemption in his assets. The Debtor has virtually no non-exempt assets. He does not own home or other real property. Bank accounts and his retirement account have limited value. See Exhibit A.

Under the Plan, the Debtor proposes to devote his Disposable Income over the period of five years following the Effective Date to satisfy Unsecured Claims. The

7

Debtor will pay any Administrative claims directly. The sum that General Unsecured Creditors will receive under the Plan is greater than any reasonably projected recovery in a liquidation of the Debtor's Property.

## THE PLAN

Through the Plan, the Debtor will pay BOA directly pursuant to its contractual terms.

Creditors holding Unsecured Claims will share pro rata in payments made by the Debtor.

After a review of transaction, the Debtor does not believe that there are any transfers or transactions which can be avoided under 11 U.S.C. §§ 547, 548, 549 and/or applicable state law.

## ARTICLE II
## DESIGNATION OF CLAIMS AND INTERESTS

All Claims and Interests, of whatever nature, whether or not scheduled or liquidated, absolute or contingent, whether resulting in an Allowed Claim or not, shall be bound by the provisions of the Plan and are hereby classified as follows:

**Class 1** shall consist of the Secured Claim of BOA.

**Class 2** shall consist of General Unsecured Claims including the FLSA Creditors' Claims.

In accordance with section 1123 (a)(1) of the Bankruptcy Code, Administrative Claims have not been classified.

## ARTICLE III
## TREATMENT OF CLAIMS UNDER THE PLAN

1.  **Satisfaction of Claims.** The treatment of and consideration to be received by holders of Allowed Claims shall be in full satisfaction, release and discharge of their respective claims against the Debtor.

8

2. **Allowed Administrative Claims**

**(A)(i)** Administrative expenses incurred by the Debtor in the ordinary course of business following the Petition Date are expected to be paid on an ongoing basis in accordance with the ordinary business practices and terms between the Debtor and such creditors. Any other Allowed Administrative Claims, with the exception of Administrative Claims of Professionals *(including* the Sub-Chapter V Trustee) shall be paid in full in Cash by the Debtor on or before ten business days after the Effective Date, or upon such other terms as agreed upon by the Debtor and the holder of such Claim.

The Debtor shall pay Allowed Administrative Claims of Professionals from his Cash on Hand. The Debtor has sufficient resourced to make required payments.

(ii) Allowed Administrative Claims of Professionals shall be paid in full in Cash within ten business days after allowance by the Bankruptcy Court pursuant to section 330 of the Bankruptcy Code, or upon such other terms as agreed upon by the Debtor and the Professional.

The Debtor shall pay Allowed Administrative Claims of Professionals from exempt funds constituting Cash on Hand.

Allowed Administrative Claims are estimated to total in the range of $20,000.00.

3. **Class 1 – BOA**

BOA shall be paid in monthly installments of approximately as required under the security agreement between the Debtor and BOA in the approximate amount of $900.57. The payment shall be made by Dumpling Plus.

BOA shall retain its Lien on the Hyundai until it is satisfied.

BOA is not Impaired under the Plan and therefore not entitled to vote accept or reject it.

9

4.     Class 2  -  **General Unsecured Creditors including the FLSA Creditors**

Holders of Allowed General Unsecured Claims shall be paid from the Plan Fund. Such creditors shall receive their *Pro Rata* share of the balance of the Plan Fund in quarterly installments. It is estimated that the General Unsecured Creditors will receive their proportionate share of the Plan Fund (estimated to be $30,000.00) over a 60 months period.

The FLSA creditors will also receive a distribution from Leo Chuliya under its Sub Chapter V Plan.

Class 2 is Impaired under the Plan and therefore entitled to vote to accept or reject the Plan.

## ARTICLE IV
## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES
**Assumption and Assignment of Executory Contracts and Unexpired Leases.**

a.  On the Effective Date, any Executory Contracts and Unexpired Leases to which Debtor is a party shall be deemed rejected in accordance with section 365 of the Bankruptcy Code. The Debtor is not aware of any other executory contracts or leases.

b.    **Rejection Claims.** Allowed Claims arising from the rejection of any Executory Contract or Unexpired Lease of the Debtor pursuant to the Plan shall be treated as Unsecured Claims.

c.    **Bar Date for Rejection Claims.** A Proof of Claim with respect to any Unsecured Claim for damages arising from the rejection of an Executory Contract or Unexpired Lease pursuant to the Plan shall not be timely filed unless it is filed with the Bankruptcy Court and served so that it is received by the Debtor's counsel within 30 days

10

after the later of (i) the date of notice of the entry of a Final Order approving such rejection (unless such Final Order expressly provides a bar date with respect to such claim, in which event no Proof of Claim with respect to such claim shall be deemed timely unless it is filed with the Bankruptcy Court and served in the manner provided in such Final Order), or (ii) notice of the Confirmation Date. Any such claim not timely filed and served shall be forever barred from assertion and may not be enforced against the Debtor or the Property.

## ARTICLE V

## IMPLEMENTATION OF THE PLAN

a. **Implementation.** The Debtor shall take all necessary steps and perform all necessary acts to consummate the terms and conditions of the Plan; and shall comply with all orders of the Court, including as provided in the Plan. The Confirmation Order shall contain appropriate provisions, consistent with section 1142 of the Bankruptcy Code, directing the Debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect the Plan.

b. **Funding.** Except as set forth elsewhere in the Plan, all payments required to be made under the Plan shall be made by the Debtor from his disposable income.

## ARTICLE VI

## PROVISIONS GOVERNING DISTRIBUTIONS

a. **Disbursing Agent.** The Debtor shall serve as the Disbursing Agent and shall make all distributions to holders of Administrative Claims and creditors in Classes 3 and 4 under the Plan. This shall be true even if the Plan is confirmed pursuant to section 1191(b) of the Bankruptcy Code.  (Pursuant to section 1194(b) of the Bankruptcy Code, if a Plan is confirmed pursuant to section 1191(b), the Trustee shall make

11

payments under the plan, "…except as otherwise provided in the Plan or in the order confirming the plan…") The size and scope of this case does not justify the continued expense of a Trustee.

    b.    **Timing of Distributions under the Plan.** Any payments to be made pursuant to the Plan on account of any non-disputed claim, and subject to other limitations noted, shall be made by the time stated in the Plan.

    c.    **Objection Deadline.** Unless otherwise ordered by the Bankruptcy Court, for cause, the Debtor may file and serve any objection to any claim at any time, but in no event after the later to occur of (i) 60 days after the Effective Date, (ii) 60 days after the date proof of such claim or a request for payment of such claim is filed.

    d.    **Prosecution of Objections.** After the Confirmation Date, only the Debtor and the Disbursing Agent shall have authority to file, compromise, withdraw or litigate to judgment objections to disputed claims. The Debtor and the Disbursing Agent shall have the right to litigate to judgment, settle or withdraw any objections to any claim or Interest.

    e.    **No Distribution Pending Allowance.** Notwithstanding any other provision of the Plan, no payment shall be made with respect to any portion of a disputed claim unless and until all objections to such claim are resolved by Final Order.

    f.    **Distribution After Allowance.** Within 15 days after the entry of a Final Order resolving an objection to a disputed claim, the Disbursing Agent shall make distributions, to which a holder is then entitled with respect to any formerly disputed claim that has become an Allowed Claim.

**ARTICLE VII**
**<u>INJUNCTION, EXCULPATION</u>**
**<u>AND RELEASE</u>**

    a.    **Injunction.** Except (i) as otherwise provided in the Plan or (ii) in any

Final Order entered by the Bankruptcy Court, all persons who have held, hold, or may hold claims against, the Debtor that arose before or were held as of the Effective Date, are permanently enjoined, on and after the Effective Date, from the commencement or continuation of any action, the employment of process, from taking any act to collect, enforce, attach, recover or offset against such claim and taking any act to create, perfect or enforce any lien or encumbrance against property of the estate which is to be distributed to creditors under this Plan.

      b.      **Discharge**: As soon as practicable after completion by the Debtor of all payments due within the first 3 years of the plan, or such longer period not to exceed 5 years as the court may fix, unless the court approves a written waiver of discharge executed by the Debtor after the order for relief under this chapter, the court shall grant the Debtor a discharge of all debts provided in 11 U.S.C. §1141(d)(1)(A), and all other debts allowed under 11 U.S.C. § 503 of this title and provided for in the plan, except any debt—

           (1) on which the last payment is due after the first 3 years of the plan, or such other time not to exceed 5 years fixed by the court; or

           (2) of the kind specified in section 11 U.S.C. §523(a).

      c.      **Limitation of Liability**. Neither the Debtor, nor any of its officers, trustees or employees (acting in such capacity) nor any professional person employed by any of them shall have or incur any liability to any entity for any action taken or omitted to be taken in connection with or related to the formulation, preparation, dissemination, Confirmation or consummation of the Plan, or any contract, instrument, release or other agreement or document created or entered into, or any other action taken or omitted to be

taken in connection with the case or the Plan, except in the case of fraud, gross negligence, willful misconduct, malpractice, breach of fiduciary duty, criminal conduct, unauthorized use of confidential information that causes damages, or ultra vires acts.

      d.      Nothing in this Section 7.2 shall limit the liability of Professionals pursuant to DR 6-102 of the Code of Professional Responsibility.

## ARTICLE VIII

## MISCELLANEOUS PROVISIONS

      a.      **Orders in Aid of Consummation.** Pursuant to sections 105, 1141, 1142 and 1143 of the Bankruptcy Code the Bankruptcy Court may enter one or more orders in aid of Confirmation directing the implementation of matters or actions required by the Plan.

      b.      **Due Authorization by Creditors.** Each and every creditor that accepts the distributions provided for under the Plan warrants that it is the lawful owner of such Claim and is authorized to accept the distributions provided for in the Plan and that there are no outstanding liens, encumbrances, commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights released, conveyed or modified by the Plan, or obligations undertaken by such creditor under the Plan.

      c.      **Amendments.** The Plan may be altered, amended or modified by the Debtor, in writing, signed by the Debtor, at any time before the substantial consummation of the Plan, as provided in Section 1193of the Bankruptcy Code.

      d.      **Revocation.** Subject to the requirements of the Bankruptcy Code and Bankruptcy Rules, the Debtor may revoke or withdraw the Plan at any time prior to entry of the Confirmation Order. If the Plan is revoked or withdrawn or if no Confirmation

Order is entered, the Plan shall be null and void, and nothing contained in the Plan shall (i) constitute a waiver or release of any claims by or against the Debtor; or (ii) prejudice in any manner the rights of the Debtor or any other party in any further proceedings involving the Debtor or his Estate.

  e. **Filing of Additional Documents.** Except as otherwise provided in the Plan, on or before the Effective Date, the Debtor may file with the Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan, and Debtor shall be responsible for the preparation and filing of any reports necessary until the entry of a Final Decree.

  f. **Successors and Assigns.** The rights, benefits and obligations of any entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such entity.

  g. **Notices.** All notices and other communications to be given or made hereunder shall be in writing and shall be delivered by electronic mail and either (i) personally, (ii) by certified mail or national recognized overnight service to the addresses specified, or pursuant to change of address as filed on ECF, or (iii) as directed in writing by an interested party herein:

   (1) if to the Debtor to Anne Penachio, Penachio Malara LLP, 245 Main Street, Suite 450, White Plains, NY 10601; anne@pmlawllp.com

   (2) if to the Sub-Chapter V Trustee, Nat Wasserstein, Lindenwood Associates, LLC, 328 North Broadway, 2nd Floor, Upper Nyack, NY 10960; nat@lindenwoodassociates.com

   (3) if to any creditor at (i) the addresses set forth on the respective Proofs of Claim filed by such holders; (ii) the addresses set forth in any written notices of address changes delivered to the Disbursing Agent after the date of any related Proof of

15

Claim; or (iii) the address reflected in the Schedules if no Proof of Claim is filed and the Disbursing Agent has not received a written notice of a change of address;

      (4)     if to any Entity that has filed a notice of appearance, at the address set forth on such notice of appearance.

      h.     **Governing Law.** Except to the extent that the Bankruptcy Code or Bankruptcy Rules or other Federal law are applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with the laws of the State of New York.

      i.     **Other Actions.** Nothing contained herein shall prevent the Debtor or creditors from taking such actions as may be reasonably necessary to consummate the Plan, although such actions may not specifically be provided for within the Plan.

      j.     **Severability.** In the event any provision of the Plan is determined to be unenforceable such determination shall in no way limit or affect the enforceability and operative effect of any or all other provisions of the Plan.

      k.     **Avoidance Actions.** The Debtor is not aware of any claims to avoid transfers under Sub-Chapter V of the Bankruptcy Code. Any such avoidance claims are preserved solely as a defense to any Claim asserted against the Debtor's Estate.

      l.     **Litigation.** The FLSA Action and the IRC Action shall be deemed terminated by the Confirmation of the Plan and a copy of the Plan Order shall be filed on the Dockets of such cases.

## ARTICLE IX

## RETENTION OF JURISDICTION

      **Retention of Jurisdiction.** Notwithstanding the entry of the Confirmation

Order or the Occurrence of the Effective Date, until the Case is closed, the Bankruptcy Court shall retain and have original, but not exclusive, jurisdiction to:

(a)- Ensure that the Plan is consummated, and to enter any Order pursuant to section 1142(b) of the Bankruptcy Code, to compel the Debtor and any other necessary party, to take such action and execute such documents to effectuate the Plan;

(b) Consider any modification of the Plan proposed pursuant to section 1193 of the Bankruptcy Code;

(c) Allow, disallow, determine, liquidate, classify or establish the priority, secured or unsecured status of any Claim, including without limitation, the resolution of any request for payment of any Administrative Claim, the resolution of any and all objections to the allowance or priority of claims, and the resolution of any adversary proceeding;

(d) Grant or deny any and all applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Plan, for any period ending on or before the Effective Date;

(e) Resolve any motions pending on the Effective Date to assume, assume and assign or reject any Executory Contract or Unexpired Lease to which the Debtor is a party or with respect to which the Debtor may be liable and to hear, determine and if necessary, liquidate, any and all claims arising therefrom;

(f) Ensure that distributions to holders of Allowed Claims are accomplished pursuant to the provisions of this Plan;

(g) Decide or otherwise resolve any and all applications, motions, adversary proceedings, contested or litigated matters, and any other matters or grant or

17

deny any applications involving the Debtor that may be pending on the Effective Date;

(h) Enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases and other agreements or documents created in connection with the Plan and Disclosures made herein or to enforce all orders, judgments, injunctions, and rulings entered in connection with the case, including, but not limited to any order necessary to enforce the provisions of the Plan;

(i) Resolve any and all controversies, suits or issues that may arise in connection with the consummation, interpretation or enforcement of the Plan or any entity's obligation incurred in connection with the Plan;

(j) Remedy any defect or omission or reconcile any inconsistency in any order, the Plan, or any contract, instrument, release or other agreement or document created in connection with the Plan, to the extent authorized herein or in the Bankruptcy Code;

(k) Issue any injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any entity with consummation or enforcement of the Plan;

(l) Enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked or vacated;

(m) Determine any dispute arising under or related to the Plan, including, without limitation, any dispute concerning the scope or effect of any release or discharge provided for by the Plan or the Confirmation Order;

(n) Determine any other matters that may arise in connection with or relate to the Plan, or the disclosures made therein, the Confirmation Order or any

18

contract, instrument, release or other agreement or document created in connection with the Plan; and

   (o) Enter an order or Final Decree concluding this case.

**Post-Closing Jurisdiction.** Notwithstanding the entry of a final decree or an order closing this case, the Bankruptcy Court shall retain jurisdiction to reopen this case for the purpose of enforcing, by injunction or otherwise, the terms of the Plan, the Confirmation Order and any final decree, including, without limitation, the enforcement of any rights of the Debtor.

## ARTICLE X

## CONDITION TO THE EFFECTIVE DATE

**Condition Precedent to Effectiveness.** The Plan shall not become effective unless and until the Confirmation Order has become a Final Order,

## ARTICLE XI

## DISCHARGE

**Discharge**: As soon as practicable after completion by the Debtor of all payments due within the first 3 years of the plan, or such longer period not to exceed 5 years as the court may fix, unless the court approves a written waiver of discharge executed by the Debtor after the order for relief under this chapter, the court shall grant the Debtor a discharge of all debts provided in 11 U.S.C. §1141(d)(1)(A), and all other debts allowed under 11 U.S.C. § 503 of this title and provided for in the plan, except any debt—

   (1) on which the last payment is due after the first 3 years of the plan, or such other time not to exceed 5 years fixed by the court; or

(2) of the kind specified in section 11 U.S.C. §523(a); or

(3) imposed by this Plan; or

(4) to the extent provided in § 1141(d)(6).

# ARTICLE XII

# CLOSING THE CASE

a. **Substantial Consummation.** Until the occurrence of the Effective Date and substantial consummation of the Plan, the Debtor, his property and his creditors shall be subject to further orders of the Bankruptcy Court.

b. **Closing the Case.** Upon the substantial consummation of the Plan, the Debtor shall expeditiously move for the entry of Final Decree closing the case and such other relief as may be just and appropriate.

Dated: White Plains, NY
      September 23, 2024

Penachio Malara LLP

/s/ Anne Penachio
Anne Penachio, Esq.
245 Main Street, Suite 450
White Plains, NY  10601
(914) 946-2889